Gjelosh PJETRACAJ, Rita Pjetracaj, Eduard Pjetracaj, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 07–5806–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

Gary J. Yerman, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Hillel R. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Gjelosh, Rita, and Eduard Pjetracaj, natives and citizens of Albania, seek review of a November 30, 2007 order of the BIA, affirming the September 30, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Gjelosh Pjetracaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Gjelosh Pjetracaj, et. al.,* Nos. A95 850 573/574/575 (B.I.A. Nov. 30, 2007), *aff'g* Nos. A95 850 573/574/575 (Immig. Ct. N.Y. City Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

1. Rita and Eduard Pjetracaj were listed as derivative applicants on Gjelosh Pjetracaj's asylum application. We refer to Gjelosh Pjetracaj as "Pjetracaj" throughout this order.

As a preliminary matter, the Government argues that Pjetracaj failed to exhaust any challenge to the IJ's adverse credibility determination by neglecting to address that determination in his brief to the BIA. The Government is correct that, while Pjetracaj alluded to a credibility determination in that brief, he failed to articulate error in the IJ's credibility determination or, indeed, to even acknowledge the IJ's specific findings.

In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007). While not jurisdictional, this judicially imposed issue-exhaustion requirement is mandatory. *Id.* at 119–20. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. *See Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir. 2007) (per curiam).

Even if we were to reach Pjetracaj's arguments, however, they are entirely without merit. We treat an IJ's adverse credibility findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Pinto–Montoya v. Mukasey*, 540 F.3d 126, 129 (2d Cir.2008) (per curiam).

In finding that Pjetracaj was not credible, the IJ identified numerous inconsistencies in the record, including: (1) while Pjetracaj testified extensively to an incident where his van was shot at and flipped over causing him injuries, he omitted that incident from his asylum application; (2) Pjetracaj's testimony was inconsistent as to the injuries he sustained when the van flipped over; and (3) while Pjetracaj stated on his asylum application that he was elected to a position within the Democratic Party of Albania, Pjetracaj and his wife testified that he did not hold any position in the party. These discrepancies went to the heart of Pjetracaj's claim that he had been persecuted based on his political opinion. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) *abrogated, in part, on other grounds by Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Finally, we lack jurisdiction to consider Pjetracaj's challenges to the agency's denial of withholding of removal and CAT relief because he failed to raise them to the BIA. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.